Brady, J.
The plaintiff’s claim accrued in 1866, and in that year, and in the month of. August, the defendants made an assignment making a preference for the amount of the plaintiff’s demand as they believed it to be, but in the name óf another person. In April, 1870, nearly four years after the assignment, and after the defendants had been discharged from their debts in bankruptcy, the plaintiff procured an attachment against them, alleging a fraudulent disposition of their property, in 1866, and an intended fraudulent disposition of their property then (at the latter time) pos *81 sessed. The evidence in reference, to the first charge, though sufficient to create suspicion against the bona fides of the assignment, is not conclusive in its character, and when considered in reference to the delay of the plaintiff in assailing that transaction, and so far as he is concerned, should not be sustained.
Where a creditor rests upon his rights for so long a period, there should be either entirely satisfactory reasons given for the delay, or a strong case made out to justify his employment of so summary a process as an attachment, and particularly when it is directed against property which cannot be regarded as the product of fraudulent appropriations. Neither of these elements are present in this case.
In reference to the second charge, it is sufficient to say that it is not sustained. It does not appear that either of the defendants had any intention to dispose of.their property to defraud creditors, or to dispose of it in any other than the usual mode of transfer in business life. It may be, and doubtless is so in fact, that the defendant did employ the plaintiff’s money for purposes other than that for which it was received; but that forms no ground for an attachment.
I think the motion, for these reasons,, should he granted.